# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

J.W. AND T.W.,
as parents and next friends of C.A.,
a minor child,

      Petitioner-appellant,

v.                                                            CIV 13-1195 KBM/RHS and
                                                    CIV 13-1214 KBM/RHS

WEST LAS VEGAS SCHOOL DISTRICT and
THE BOARD OF EDUCATION FOR THE
WEST LAS VEGAS SCHOOL DISTRICT,

      Respondent-appellee.

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant West Las Vegas School District Board of Education's Motion to Submit Additional Evidence ("Motion to Supplement") (Doc. 20), filed June 11, 2014.  On July 22, 2014, Plaintiffs filed a Response (Doc. 27).  Defendant has opted not to reply.  *See* Doc. 31.  Having reviewed the submissions and relevant authorities, the Court will deny Defendant's Motion to Supplement.

### BACKGROUND

The Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. § 1400 *et seq.*, created an "enforceable substantive right to public education."  *Honig v. Doe*, 484 U.S. 305, 310 (1988) (citation omitted).  Under the IDEA, students with disabilities are entitled to an individualized education program.  20 U.S.C. § 1401(9)(D); 20 U.S.C. § 1414(d)(1)(A).  Schools have an affirmative duty to identify, locate, and evaluate students with disabilities in order to provide them with the needed educational services.  20 U.S.C. § 1414(b)(3)(B); 34 C.F.R. § 300.111(a)(1)(i) (2006).

Students are also entitled to various procedural safeguards that subject a school's decisions concerning individualized education programs to impartial review. *See generally* 20 U.S.C. §§ 1414–15.  The IDEA allows parents or a student to complain about "any matter relating to the identification, evaluation, or educational placement" of the student.  20 U.S.C. § 1415(b)(6)(A).  When a party complains, the IDEA provides for an "impartial due process hearing" where the parties may submit evidence and obtain findings of fact and law.  20 U.S.C. § 1415(f).  The hearing officer determines whether the local education agency has complied with the IDEA and orders appropriate relief if it finds the agency has violated the IDEA's procedural safeguards. 20 U.S.C. § 1415(f)(3)(E)(iii).

Any party "aggrieved" by the due process hearing officer's findings may bring a civil action in state or federal court.  20 U.S.C. § 1415(i)(2).  In reviewing the hearing officer's decision, the court receives an administrative record and "additional evidence at the request of a party[.]"  20 U.S.C. § 1415(i)(2)(B).  The court then determines whether a preponderance of the evidence supports the due process hearing officer's findings and grants relief accordingly.  20 U.S.C. § 1415(i)(2)(B)(iii).

## PROCEDURAL HISTORY

Plaintiffs contend that Defendant failed to comply with the procedural requirements of the IDEA and failed to provide an appropriate individualized education program to C.A.  *See* Hearing Officer's Memorandum Decision and Order ("Hearing Officer Decision") (Doc. 27-1) at 2–6.  Plaintiffs allege that Defendant did not conduct necessary evaluations of C.A.'s reading disability.  *See* Hearing Officer Opinion at 23-29.  C.A.'s primary care physician and other specialists diagnosed C.A. with dyslexia

and attention deficit hyperactivity disorder ("ADHD").  Defendant implemented an individualized education program that did not contain any provision of services for a reading disability, and Plaintiffs sought due process review of the district's decision.

The due process hearing officer concluded that C.A. has both dyslexia and ADHD.  Hearing Officer Decision at 32 ¶89.  The hearing officer ordered Defendant to provide C.A. with an individualized education program and various forms of assistance designed to mitigate the effects of C.A.'s dyslexia and ADHD.  *Id.* at 77–79 ¶¶1-6.  But the hearing officer denied Plaintiffs' requests for reimbursement for the independent evaluations and rejected some of Plaintiffs' claims that Defendant violated IDEA procedural requirements.  *See* Complaint (Doc. 1) ¶¶23-24.  Plaintiffs now ask this Court to review the hearing officer's factual findings and conclusions of law.  *See id.*

Defendant denies the alleged procedural violations and also denies that C.A. actually has dyslexia.  *See* Answer (Doc. 10) at 4 ¶ 12.  More generally, Defendant seeks to prove that Plaintiffs' claims are now moot or that C.A.'s habitual truancy and failure to participate in educational programs made available by Defendant destroys any causal link between Defendant's conduct and Plaintiffs' claimed damages.  *See id.* at 6-8. Defendant seeks to call witnesses and introduce evidence in order to prove as much.  Motion to Supplement at 2–3.  Defendant, therefore, seeks to present new evidence to this Court that was not before the hearing officer.

**STANDARD FOR ADMITTING NEW EVIDENCE IN AN IDEA APPEAL**

Title 20 U.S.C. § 1415(i)(C)(ii) provides that in any action challenging a due process hearing under the IDEA, the reviewing court "shall hear additional evidence at the request of a party[.]"  There is a split among the circuits on whether or not

"additional evidence" <u>requires</u> a court to hear evidence not originally before the due process hearing officer.  The First and Ninth Circuit Courts of Appeal have held that this provision only allows a district court to "supplement" the record in order to fill "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."  *Town of Burlington v. Dept. of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd on other grounds,* 471 U.S. 359 (1985); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993) (quoting and adopting the *Burlington* rationale and holding as to the standard for admission of additional evidence).

The First and Ninth Circuits' rationale stems from the fuzzy "due weight" standard of deference in IDEA cases adopted by the United States Supreme Court in *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982).  *See* Donald T. Kramer, 2 Legal Rights of Children § 26:27 (2d ed 1994) (describing Courts' confusion on the application of the "due weight" standard of review).  The First and Ninth Circuits reason that because the "starting point for determining what additional evidence should be received . . . is the record of the administrative proceeding[,]" *Burlington*, 736 F.2d at 790, the admissibility of further evidence turns on whether flaws in the record preclude an appropriate review of the due process hearing.

The Sixth Circuit disagrees with this rationale.  In *Metro. Gov. of Nashville & Davidson Cnty. v. Cook*, 915 F.2d 232, 234 (6th Cir. 1994), the court held that the decision to hear additional evidence was strictly a matter of discretion.  The *Cook* rationale is based on the plain meaning of "additional," which unlike "supplement," does

not connote any limitation on the type of evidence that may be received.  The *Cook* court criticized the *Burlington* court for essentially reading limitations into § 1415(i)(C)(ii)'s open-ended and permissive language.  *Cook*, 915 F.2d at 234.

In 1995, the Tenth Circuit Court of Appeals noted the circuit split but refused to take a position.  *See Murray v. Montrose Cnty. Sch. Dist.*, 51 F.3d 921, 930-31 (10th Cir. 1995).  In 2004, the court sided with the First and Ninth Circuits without any discussion.  *See L.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 973-74 (10th Cir. 2004).  This Court is bound by the *Nebo* court's language, unexplained as it may be and determine whether the evidence Defendant seeks to include in the administrative record is supplementary and therefore properly heard by this Court on its modified de novo review, or merely additional and therefore superfluous.

**DISCUSSION**

1. <u>Defendant has failed to show that the proposed supplemental evidence would fill a gap in the administrative record.</u>

Defendant seeks to introduce evidence "that [C.A.]'s chronic truancy resulted from a willful refusal to take advantage of the non-compensatory services that were added to his [individualized education program] after the Due Process Hearing."  Motion to Supplement at 3.  Defendant argues that if it can prove that C.A. has "sedulously avoided taking advantage of" the services ordered by the hearing officer, then C.A.'s original due process complaint was filed in bad faith and C.A. does not in fact suffer from any of the disabilities that formed the basis for the hearing officer's order.  *Id.*

Plaintiffs argue that Defendant had a full and fair opportunity to dispute the veracity of C.A.'s dyslexia diagnosis in the due process hearing.  Response at 10. Plaintiffs contend that allowing Defendant to submit additional evidence would run

contrary to the Supreme Court's holding in *Rowley* that district courts give deference, however minimal, to the findings and conclusions of the due process hearing administrator.  In other words, Plaintiffs argue that Defendant's efforts to re-try the issue of C.A.'s eligibility for an individualized education program is an impermissible effort "to take a second bite at the Dyslexia apple[.]"  Response at 11.

The hearing officer considered the issue of C.A.'s ongoing attendance issues, such as they were at the time.  *See* Hearing Officer Decision at 50 ¶173, 55 ¶195, 55 ¶197, 57 ¶203.  And the hearing officer declined to find that C.A. either did not have a qualifying disability or was making a complaint in bad faith.  While the Court is not now concluding whether or not the hearing officer's conclusions were supported by evidence in the administrative record, Defendant has made no argument that the administrative record has a gap that must be filled with supplemental evidence.  Defendant's failure to point out such a gap raises concerns about this Court's ability to tailor the scope of additional discovery to prevent the imposition of a "substantive standard[] of review which cannot be derived from the [IDEA] itself."  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982).

    2.  <u>Defendant's proposed supplemental evidence is not relevant to the core issue to be decided on review.</u>

Even if the due process hearing officer's decision was not subject to any deference, Defendant has made no argument about the additional evidence's relevance to the core inquiry in this Court's review of the due process hearing officer's decision: whether the State has complied with the procedural requirements of IDEA and whether the individualized education program is "reasonably calculated to enable the child to receive educational benefits[.]"  *Id.* at 206–07.

The IDEA requires period re-evaluation of a child's disability.  20 U.S.C.
§ 1414(a)(2).  But rather than re-evaluate C.A.'s disability and initiate the IDEA's notice
procedures for a change in educational setting, Defendant seeks to introduce post-
hearing evidence in order to prove either that C.A. did not have or currently does not
have dyslexia.  But courts have rejected similar attempts by parents to introduce post-
hearing evidence in order to prove the inadequacy of an individualized education
program because it would encourage judgments based on "hindsight" rather than
whether the plan was reasonable at the time it was created.  *Schaffer ex rel. Schaffer v.
Weast*, 554 F.3d 470, 477 (4th Cir. 2009).

*Schaffer* is particularly persuasive.  There, the court dealt with the "flip-side" of
the issue now before this court: post-hearing evidence offered by parents to establish a
child's disability and prove the unreasonableness of the individualized education
program adopted under the due process hearing officer's orders.  The court cautioned
that post-hearing evidence would "undercut" the prospective review mandated by the
IDEA, creating endless potential for litigation and limiting a school district's incentive to
update a student's education program in light of new information.  *Id.*  Here, it is the
school that seeks to introduce new evidence, arguably minimizing the *Schaffer* court's
fear that admitting new evidence would cause schools to devote more resources to
litigation than education.  *Id.* at 476-77.  But a more basic rationale still applies:  absent
specific reasons to the contrary, IDEA review should be limited to the administrative
record that was before the hearing officer in order to prevent the due process hearing
from becoming a "mere dress rehearsal followed by an unrestricted trial de novo in the
district court."  *Id.* at 476 (quotation omitted).

If Plaintiffs seek to prove that the individualized education program is inadequate because it fails to ensure C.A.'s regular attendance, some supplementation of the record might be required to determine whether C.A.'s truancy is caused by this inadequacy or for independent reasons.  But that is a question for another day.  The question now before the Court is whether it should grant Defendant's blanket request to introduce evidence of C.A.'s alleged bad faith in order to contradict the hearing officer's findings of fact.  This much it will not do.  Absent some more concrete showing of a gap in the administrative record or circumstances that make C.A.'s alleged bad faith relevant to determining Defendant's compliance with IDEA, there is simply no need for additional evidence of a problem that the due process hearing officer considered and rejected.

## CONCLUSION

Defendant has failed to identify gaps in the administrative record that require the consideration of new evidence in this matter.  Defendant has failed to show how the requested supplementation is relevant to evaluating the adequacy of the individualized education program ordered by the due process hearing officer.  Moreover, Defendant has failed to make any showing that the need for additional evidence outweighs the strong policy reasons for avoiding a hindsight review of the due process hearing using evidence that did not exist at the time of the hearing.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Supplement (Doc. 20) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent