IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.W. AND T.W.,
as parents and next friends of C.A.,
a minor child,

    Petitioners-Appellants,

v().                                                        CIV13-1195 KBM/GBW &
                                                          CIV13-1214 KBM/GBW

WEST LAS VEGAS SCHOOL DISTRICT and
THE BOARD OF EDUCATION FOR THE
WEST LAS VEGAS SCHOOL DISTRICT,

    Respondents-Appellees.

## MEMORANDUM OPINION AND ORDER
## GRANTING RECONSIDERATION IN PART

THIS MATTER is before the Court on West Las Vegas School District and the Board of Education for the West Las Vegas School District's ("Respondents") now fully briefed Motion for Order to Alter or Amend *(Doc. 35)*, filed November 17, 2014. Respondents ask the Court to reconsider its November 7, 2014 decision *(Doc. 34)* denying Respondents' Motion for Supplement to Submit Additional Evidence *(Doc. 20)* ("Motion to Supplement"). Because the factual background of this case is detailed in this Court's November 7, 2014 memorandum opinion and order and Defendant does not dispute the recitation of facts in that Order, there is no need to repeat them here.

### LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L. P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002) (citing *Clough v. Rush,* 959 F.2d 182, 186 n. 4

1

(10th Cir. 1992)).  The Court construes this motion to reconsider as a Rule 59(e) of the Federal Rules of Civil Procedure motion to amend or alter judgment.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (a motion filed within 10 days of the entry of the judgment seeking to alter the substantive ruling of the court is properly considered a Rule 59(e) motion).

The Court may grant a Rule 59(e) motion to alter or amend judgment for one of three reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  A Rule 59(e) motion, however, is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)).  The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court.  *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003)(citation omitted).

### DISCUSSION

Respondents ask the Court to vacate its Memorandum Opinion and Order for misapplying the relevant legal standard.  The Court notes that Respondents have not argued that either of the two claimed errors meet the heightened standard for granting reconsideration.  The Court will nonetheless address the merits of Respondents' claim.

Respondents argue that *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470 (4th Cir. 2009), which the Court cited favorably in its Memorandum Opinion and Order, does not stand for the proposition that post-hearing evidence should never be admitted. Respondents contend that *Schaffer* instead held that it was inappropriate for "such post-hearing evidence to obtain dispositive significance for the entire case on appeal and whether the district court properly exercised its discretion to 'discount that evidence[.]'" Motion to Reconsider at 3 (quoting *Schaffer*, 554 F.3d at 475).

This Court cited *Schaffer* for the proposition that "allowing the introduction of post-hearing evidence would undercut the prospective review mandated by the IDEA, creating endless potential for litigation and limiting a school district's incentive to update a student's education program in light of new information." Memorandum Opinion and Order at 7 (citing *Schaffer*, 554 F.3d at 477). Respondents argue that *Schaffer* does not stand for a bright-line rule that all post-hearing evidence must be excluded from an IDEA appeal; rather, it simply states that a Court does not abuse its discretion in refusing to consider such evidence.

Insofar as the Court's Memorandum Opinion and Order can be read to conclude that all post-hearing evidence must be excluded from the record in an IDEA appeal, the Court agrees with Respondents. But the Court did not cite *Schaffer* for that proposition; rather, it used *Schaffer*'s analogous fact pattern to bolster its conclusion that Respondent's "blanket request to introduce evidence of C.A.'s alleged bad faith in order to contradict the hearing officer's findings of fact" should be rejected. Memorandum Opinion and Order at 8.

In any event, it is true that "a district court first must evaluate a party's proffered evidence before deciding to exclude it." *A.Y. v. Cumberland Valley Sch. Dist.*, 569 F. Supp. 2d 496, 506 (M.D. Pa. 2008). In other words, additional evidence under the IDEA which serves only to "repeat or embellish" a witness's prior testimony may be excluded to "structurally assist[] in giving due weight to the administrative proceeding." *Town of Burlington v. Dept. Of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (citing *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982)). The *Burlington* Court provided the following guidance to courts in order to determine whether additional evidence should be heard:

> [A]n administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources. The court should look with a critical eye on a claim, such as made here, that the credibility of a witness is a central issue. The claim of credibility should not be an "open sesame" for additional evidence.

*Burlington*, 736 F.2d at 791. Thus, the Court must make a finding about the helpfulness of a proffered additional piece of evidence in conducting its review. *Id.* ("an approach followed by a pretrial order that identifies who may testify and limits the scope of the testimony will enable the court to avoid a trial *de novo*").

While the Court adopted the correct legal standard, it erred by failing to evaluate each of Respondents' proposed witnesses and exhibits for relevance and whether the evidence will structurally assist this Court's review of whether the factfinder (that is, the

4

due process hearing officer) reasonably could have found the District's individualized education program inadequate by a preponderance of the evidence.

<u>Respondents' Proposed Supplementation</u>

Respondents seek to supplement the administrative record with additional evidence that occurred <u>after</u> the administrative hearing that arguably shows that

> the student's chronic truancy resulted from a willful refusal to take advantage of the non-compensatory services that were added to his Individualized Education Program (IEP) after the Due Process Hearing. These additions to the student[']s IEP were made based on the Due Process Hearing Officer's determination, which the District disputes, that this student has dyslexia and would obtain a meaningful educational benefit were the District to add programs of instruction specifically designed to address the student's dyslexia. The District has made these specially designed programs available to the student but the student has sedulously avoided taking advantage of them, whether because the student did not desire them in the first place and that this Due Process Complaint was not brought in good faith, or because the student's aversion to these services suggests that he does not suffer from dyslexia, and that the Hearing Officer's decision that the student has dyslexia was made in error.

*Doc.* 20 at 3.  The Court now makes the following findings regarding each of Respondents' proposed witnesses with the understanding that **the scope of each one's additional testimony, if allowed, will be strictly confined to the time period <u>after</u> the administrative hearing was held.**

　　a)  J.W.

Respondents seek the testimony of J.W., C.A.'s legal guardian.  Respondents say that J.W. will

> testify regarding what special services, if any, J.W. has requested or rejected on behalf of C.A., both in his capacity as C.A.'s legal guardian and a member of C.A.'s IEP Team.  This includes requests and discussions, if any, that J.W. may have had with the District and/or any individual whose services the District contractually

>obtained, regarding the District removing C.A. from a standard graduation pathway, changing C.A.'s course schedule, and C.A.'s participation in District provided transitional services. J.W. will testify to his position on allowing C.A. to receive after-school and weekend educational and transitional services provided by the District. Additionally, J.W. will testify regarding matters directly relating to the degree and extent to which J.W. and C.A. were aware of and cooperative with the District's obligation to enforce compulsory attendance.

*Doc. 27-2* at 2.

The Court finds that Respondents have provided sufficient reasoning to overcome the presumption against recalling this witness who already testified in front of the due process hearing officer. The Court will grant the Motion to Reconsider with respect to J.W.'s proposed testimony in these areas only. Cumulative evidence will not be permitted.

    b)  T.W.

Respondents have simply stated that T.W. will testify "regarding the claims in the Complaint[]." The Court finds that Respondents have failed to provide sufficient reasoning to overcome the presumption against recalling witnesses who have already testified in front of the due process hearing officer.

    c)  C.A.

Respondents seek the testimony of C.A.

>regarding his attendance at West Las Vegas High School[,] . . . his interaction with Rhea Bustos concerning his schedule of courses and his participation in District provided transitional services[,] . . . his access to the general curriculum and his efforts, if any, to avail himself of the District provided . . . services[,] . . . his perceived role, if any, in cooperating with the district in designing and implementing his [IEP, and] his behavior towards other students and any related documented disciplinary issues.

*Doc. No. 27-2* at 3.

The Court finds that C.A.'s testimony regarding his interactions with Rhea Bustos and his efforts to use services provided by the district as part of his IEP are relevant to both Petitioners' and Respondents' challenges to the hearing officer's findings of fact and conclusions of law. The Court will allow C.A. to testify as outlined.

    d)  Jeannie Rubin

Respondents proffer the testimony of Jeannie Rubin, the District's Special Education Director

> about her efforts to ensure C.A.'s access to the general curriculum as well as to obtain training for C.A. and his legal guardian, as well as about any training obtained for the faculty and staff for the purpose of implementing C.A.'s IEP. Ms. Rubin will testify regarding the range of services offered to C.A. and whether J.W. accepted, rejected, or revoked any such services, including but not limited to, educational and transitional services during the regular school schedule.

Doc. No. 27-2 at 3. The Court reconsiders and will permit additional testimony by Ms. Rubin in these areas.

    e)  Michelle Ulibarri

Respondents want Ms. Ulibarri to testify "about information gathered while developing C.A.'s BIP [Behavior Intervention Plan]. This information principally concerns C.A.'s behavior, related disciplinary issues, and his attendance." *Doc. 27-2* at 3–4. It does not appear that Ms. Ulibarri testified at the due process hearing, and such additional evidence, if occurring after the administrative hearing, will be permitted.

    f)  Rhea Bustos

Respondents want Ms. Bustos to testify "to the range of responsibilities Ms. Bustos assumed in facilitating services, including all aspects of transitional services,

and C.A.'s level of cooperation and participation related to such services." *Doc. No. 27-2* at 4.  It does not appear that Ms. Bustos testified at the due process hearing, and the Court will permit Ms. Bustos to testify as to post-hearing incidents in these areas.

    g)  Pamela Spalding

The Court will not allow Ms. Spalding to provide additional testimony.  The Court finds that Respondents have failed to provide sufficient information regarding her anticipated testimony to overcome the presumption against recalling witnesses who have already testified in front of the due process hearing officer.

    h)  Chris Gutierrez, Marilyn Aragon, Gary Luna and Teresita Apodaca,

Respondents simply indicate that these witnesses will provide additional testimony about "knowledge and communications with C.A., J.W. and/or T.W. regarding C.A.'s educational program" with no further indication of how such communications would be helpful to the Court in conducting its review.  The Court therefore will deny reconsideration as to supplemental testimony by these witnesses.

    i)  David Morgan Montaño, Jeanette Yara, James Esquibel and Thomas Trujillo

Because Respondents have identified with specificity areas in which each of these witnesses will testify and have shown that testimony sufficiently relates to the purposes for which such testimony is offered, the Court reconsiders and will permit additional testimony as restricted to those areas for which have been identified for each.

    k)  Glenn Damien

The Court will allow MR. Damien to testify about assistive technology and training provided to C.A., J.W., and/or T.W.  This testimony is relevant to the hearing officer's conclusion that C.A. should be given assistive technology.

l) Identified Exhibits

The Court is unable to ascertain whether the exhibits listed in *Doc 27-2* at 7 would be cumulative to the evidence received in the administrative proceedings or would be relevant to the purposes for which Respondents seek to introduce them as additional evidence. Absent such a showing or agreement by Plaintiffs to that effect, the Court's decision to deny supplementation stands as to these exhibits.

Wherefore,

IT IS HEREBY ORDERED that Respondents' Motion to Reconsider is granted in part as outlined above and in all other respects is denied. The Court's November 7, 2014 Memorandum Opinion and Order is hereby vacated to the extent it conflicts with this Order.

IT IS FURTHER ORDERED that the briefing schedule previously entered by Judge Scott *(Doc. 41)* is hereby vacated. The parties are to confer to and advise Judge Wormuth at the status conference now set for January 27, 2015 how best to proceed in light of this decision to permit additional evidence.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent